NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| FRANCIS BLADIMIR AVILA-ALFARO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-2041<br><br>Agency No.<br>A206-689-534<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2024**
Pasadena, California

Before: SILER ***, GOULD, and BEA, Circuit Judges.

Francis Bladimir Avila-Alfaro, a native and citizen of El Salvador, petitions

for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

from a decision by an Immigration Judge (IJ) denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review *de novo* questions of law. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We review factual findings for substantial evidence. *Id.* The substantial evidence standard requires that we reverse when, based on the record evidence, "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)).

1. The denials of Avila-Alfaro's claims for asylum and withholding of removal are supported by substantial evidence. The harm suffered by Avila-Alfaro is serious. He was not physically harmed but was threatened with death. Nonetheless, the record does not compel the conclusion that the harm he suffered constitutes persecution. Death threats alone "constitute persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Duran-Rodriguez*, 918 F.3d at 1028 (internal quotation marks and citation omitted). Here, the fact that Avila-Alfaro did not experience an

in-person confrontation after he stopped making extortion payments undermines the credibility of the gang members' prior threats. And although Avila-Alfaro made many extortion payments, he does not provide sufficient evidence to compel the conclusion that these payments constitute economic persecution. *See Ming Xin He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014) (defining economic persecution as interference with a petitioner's livelihood).

The record also does not compel the conclusion that Avila-Alfaro was or would be persecuted in the future on account of a protected ground. "El Salvadoran commercial drivers" is not a cognizable particular social group.[1] Being a commercial driver is not an immutable characteristic that is "fundamental" to one's identity. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 882–83 (9th Cir. 2021); *cf. Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (being a licensed

---

[1] Avila-Alfaro argues that *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) (*A-B- I*), which was subsequently vacated in *Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021), precluded him from making arguments based on an alternative (and unstated) particular social group because *A-B- I* "automatically dismissed any claims that revolved around domestic violence." Avila-Alfaro misreads *A-B- I*. *See* 27 I. & N. Dec. at 320 (stating that the decision does "not decide that violence inflicted by non-governmental actors may never serve as the basis for an asylum or withholding application based on membership in a particular social group"). Avila-Alfaro's argument was not "entirely foreclosed" at the time he filed applications for relief, and he makes no other arguments regarding an exception to the exhaustion requirement set forth in 8 U.S.C. § 1252(d)(1). *Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014), *overruled on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023) (quoting *Sun v. Ashcroft*, 370 F.3d 932, 942 (9th Cir. 2004)). We therefore reject Avila-Alfaro's argument based on an alternative particular social group for lack of exhaustion.

nurse can be an immutable characteristic because "[u]nlike the skills necessary to drive a car, possessed by most adults, professional nursing skills are not shared by the general population"). Nor can "El Salvadoran commercial drivers" be defined with particularity because the group includes "large swaths of people and various cross-sections of a community." *See Macedo Templos*, 987 F.3d at 882.

Even if "El Salvadoran commercial drivers" were a cognizable particular social group, a reasonable adjudicator could find that the gang members extorted Avila-Alfaro purely out of economic interest, rather than because he was a commercial driver. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (a petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

2. Although Avila-Alfaro's opening brief mentions the denial of his CAT claim in passing, he does not advance any substantive arguments about why this denial was erroneous. This challenge is thus waived. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). Regardless, the denial of Avila-Alfaro's claim for CAT protection is also supported by substantial evidence. Avila-Alfaro has not shown that he has been previously persecuted, much less tortured, by gang members, and the death threats against him were not carried out after he stopped making payments. A reasonable adjudicator could conclude that Avila-Alfaro is unlikely to

be tortured upon return to El Salvador. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) ("[T]he petitioner must demonstrate that he would be subject to a *particularized threat* of torture." (internal quotation marks and citation omitted)).

**PETITION DENIED.**